## CHARLES NOTLEY *vs.* THEOPHILUS H. DAVIES.

### APPEAL FROM THE DECISION OF ARBITRATORS ON AWARD.

### SPECIAL TERM, DECEMBER, 1883.

### JUDD, C. J., McCULLY and AUSTIN, JJ.

If the Court is satisfied that an award is within the terms of the submission, it will not be set aside.

The Court cannot reconsider the evidence upon questions properly submitted to the arbitrators.

The presumption in favor of an award will be that the arbitrators rightly performed their duties.

OPINION OF JUDD, C. J., APPEALED FROM.

ON the 25th day of June, 1883, the parties herein agreed in writing to submit certain differences between them to the arbitration of R. F. Bickerton, Cecil Brown and F. M. Hatch, or a majority of them. This was duly acknowledged before a Justice of this Court, and entered as a rule of Court.

On the 27th July a majority of the arbitrators made an award, which was delivered to the Court, and on the 22d of October the Court was moved to cause the award to be entered up as a judgment of Court. To this Mr. Dole, on behalf of the defendant, objects and moves that the award be set aside on the ground that the award has not been made in accordance with the terms of the submission. Mr. Dole particularizes as follows: The parties agreed by the submission " to submit all matters now in dispute between them," as follows : 1st. " Claim of Notley against Davies for damages resulting from alleged delay in erecting mill," etc., etc. The submission ends, "All of said matters arising from contract between parties dated April 1, 1878."

It was shown to the Court, or admitted, that the cane for which was awarded $3,000 and interest, as damages resulting to Notley from delay of Davies in erecting sugar mill, was thirty-four acres of sugar cane planted by Notley, July 1, 1877, some eight months previous to the contract. That by the contract Davies agreed to " erect sugar works for the purpose of manufacturing into sugar the cane grown " by Notley, and Notley agreed to plant every year during the time, not less than 150 acres of cane.

It was also admitted that the cane for which damages were awarded was ripe January 1, 1879, and that it was agreed by the parties that it might stand till June, 1879. Also that the mill was ready and commenced to grind April 15, 1880.

It is claimed for Mr. Davies that the award for damages for this cane was not in accordance with the submission, as not being cane planted in pursuance of the agreement of April 1, 1878.

It is claimed for Mr. Notley that as this cane was in the ground and growing when Mr. Davies made the contract to put up a mill, he must have had it in contemplation.

### BY THE COURT.

The province of the Court in a case like this is to be satisfied that the award accords with the terms of the submission, but the Court cannot reconsider the evidence upon the questions properly submitted to the arbitrators. The question, therefore, before me is whether the damages claimed by Mr. Notley, as resulting to him for delay of Mr. Davies in grinding this thirty-four acres of cane, is fairly within the terms of the submission.

It is true that Notley only binds himself to plant at least 150 acres per annum, but he also binds himself that no cane grown within two miles in width or one mile in length of the sugar works shall be ground at any other mill than Mr. Davies'. And Mr. Davies undertakes to erect, on a mill site to be conveyed to him by Notley, sugar works of first class, capable of taking off six tons of sugar per day, and to grind and manufacture into sugar *all cane to be delivered* at said sugar works by Notley, etc., and the thirty-four acres are not specifically exempted from the operation of this contract.

It is proved, as I have above said, that Davies was aware that this cane was planted when the contract was made, and had in fact advised Mr. Notley to plant fifty acres, and not ten, as he at first contemplated. It stood, ready for grinding, as late as June, 1879. The first 150 acres of cane planted since the contract was ready to be harvested in the fall, say November, 1879. I think it could reasonably be expected of Mr. Davies, that, as this thirty-four acres of cane was only eight months old when the contract was signed, his mill should have been erected in season to take this field off. If he had done so, the mill would only have lain idle a few months before the first regular crop under the contract was ready to be ground.

Mr. Notley had bound himself not to take his cane to any other mill, and it seems to me that he had a right to expect Mr. Davies to erect his mill in not much over one year from the time when the contract was signed, or in time to grind all Mr. Notley's cane.

I cannot say that the arbitrators have gone beyond the scope of the submission in awarding damages for the thirty-four acres as claimed, and I accordingly overrule the objections, and order the award to be entered up as a judgment of Court.

OPINION OF THE APPELLATE COURT BY AUSTIN, J.

THE court refer to the opinion of the Chief Justice below, and add that the only question is whether the question as to the damages awarded for not grinding the plaintiff's 34 acres of cane was within the terms of the submission. If it was not, then the award should be set aside.

Caldwell on Arbitration, 98, 99.

"But there should be no strained construction to take the award out of the submission."

Billing on Award 121: Com. Dig. Art. 29.

And says Lord Eldon, Chancellor, in *Wood vs. Griffiths*, 1 Swanst. 43, cited in Billing above: "In modern times, in construing an award it has been considered the duty of the Court to find that it is certain and final, instead of leaving it to a construction which would in effect destroy nine-tenths of the awards ever made, and if possible put one consistent sense on all the terms."

The damage to the thirty-four acres was litigated, and we think properly so, under the contract of April 1, 1878. True, the thirty-four acres were planted July 1, 1877, but when the contract was made they were standing plant cane.

Clause 5 of the contract says: "The party of the second part agrees to grind the plant cane of the party of the first part (not to exceed 200 acres in each year) in preference to any other cane, and to grind the rattoons of said party of the first part in preference to any other rattoons."

And, by Clause 1, the party of the first part agrees to plant not less than 150 acres each year of the contract. We think it may be fairly said that Clause 5 refers to the cane standing when the contract was made.

For this reason, and for the reasons given by the Chief Justice, we think the award accorded with the submission.

If the question as to the thirty-four acres of cane was not properly submitted, it may still be litigated. The object of submissions to arbitration is to avoid litigation.

"The presumption in the favor of an award will be that the duty was rightly performed."

*Doe vs. Stilwell*, 8 Ad. & El., 645, Lord Denman, C. J.

The judgment must be affirmed with costs.

*F. M. Hatch,* for plaintiff.

*S. B. Dole,* for defendants.

Honolulu, January 7, 1884.